

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Arnold Smith
County Attorney
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-3253
Re: Prosecution for failure
to stop while school bus
is discharging passengers
on shoulder of highway.

This will be in reference to your letter of March 7, 1941, requesting the opinion of this Department upon the following question:

"Please inform me whether or not this article is broad enough in scope to warrant the acceptance of a complaint against the operator of a motor vehicle for failure to stop while a school bus was discharging passengers off of the shoulder of the highway. The operator of the bus had pulled well off of the traveled road and even the shoulder of the road. The law is well established as to a person's liability for failing to stop when a school bus is discharging passengers on the highway. However, in this particular situation I can find no cases in point."

Your reference is to Article 301b, Vernon's Annotated Penal Code, which reads as follows:

"Section 1. All vehicles used for the transportation of pupils to and/or from any school or college, shall have a sign on the front and rear and on each side of said vehicle, showing the words 'School Bus' and said words shall be plainly readable in letters not less than six (6) inches in height. It shall be the duty of the operator of such 'School Bus' vehicle to see that such signs are displayed as above provided, and it shall be

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Arnold Smith , page 2

unlawful to operate any such 'School Bus' vehicle
unless such signs are so displayed thereon.
When any such 'School Bus' vehicle stops, ev-
ery operator of a motor vehicle or motor cycle
approaching the same from any direction shall
bring such motor vehicle or motor cycle to a
full stop before proceeding in any direction;
and in event such 'School Bus' vehicle is re-
ceiving and/or discharging passengers, the
said operator of such motor vehicle or motor-
cycle shall not start up or attempt to pass
in any direction until the said 'School Bus'
vehicle has finished receiving and/or dis-
charging its passengers.

"Section 2. Any party who violates any
of the provisions of Section 1 of this Act shall,
upon conviction thereof, be guilty of a mis-
demeanor, and upon conviction thereof, shall
be fined not less than Ten ($10.00) Dollars
nor more than Five Hundred ($500.00) Dollars,
or confined in the county jail not to exceed
ninety (90) days, or both such fine and im-
prisonment; provided, however, that if death
results to any person, caused either actually
or remotely by a noncompliance and/or viola-
tion of any of the provisions of this Act,
then and in that event, the party or parties
so offending shall be punished as is now pro-
vided by law."

Note that the statute nowhere uses the terms "high-
way" or "public highway." The gravamen of the complaint
is the failure of an operator to stop before proceeding when-
ever and wherever a school bus stops.

Permit us to call your attention to Article 827a,
Section 10, of Vernon's Annotated Penal Code, reading as
follows:

"No person shall park or leave standing
any vehicle, whether attended or unattended,
upon the paved or improved or main traveled
portion of any highway, outside of any incor-
porated town or city, when it is possible to
park or leave such vehicle standing off of the
paved or improved or main traveled portion

Honorable Arnold Smith, page 3

of such highway; provided, in no event shall
any person park or leave standing any vehicle,
whether attended or unattended, upon any high-
way unless a clear and unobstructed width of not
less than fifteen feet upon the main traveled
portion of said highway opposite such stand-
ing vehicle shall be left for free passage of
other vehicles thereon, nor unless a clear view
of such vehicle may be obtained from a distance
of 200 feet in each direction upon such high-
way.

"Whenever any peace officer or license and
weight inspector of the Department shall find a
vehicle standing upon a highway in violation of the
provisions of this section, he is hereby author-
ized to move such vehicle or require the driver
or person in charge of such vehicle to move such
vehicle to a position permitted under this sec-
tion."

Under this Article, any operator of a motor vehicle
including the operator of a school bus, is required, when
parking or stopping, if at all possible, to stop or park
off of the paved, improved or main traveled portion of
the highway. In other words, an operator is directed to park
elsewhere than on the highway proper; he is directed, if
possible, to park upon the "shoulder" or right-of-way ad-
joining the highway. When it is possible to park off of
the highway proper, violation of Article 827a, Section 10,
is negligence per se. Ben E. Keith Co. v. Minor (TCA 1937)
103 S.W. (2d) 241.

As stated by the court in Jackson v. Edmund (TCA
1939), 129 S.W. (2d) 369:

"It is a matter of common knowledge, as
well as the evidence in the instant case, that
the paved or hard-surfaced portion of a highway
is the "main traveled portion" of it. It is
also common knowledge that the graveled or
calich shoulder to any paved or hard-surfaced
highway is the place vehicles usually park for
temporary repairs or to change tires, etc."

Honorable Arnold Smith, page 4

You are accordingly advised that in our opinion when the operator of a motor vehicle approaches a school bus in the act of discharging passengers off the "shoulder" of right-of-way of a public highway and he fails to bring his vehicle to a stop before proceeding, his actions will be in violation of Article 301b of Vernon's Annotated Penal Code.

APPROVED MAR 25, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

JDS:js

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

James D. Smullen
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN